# EXHIBIT A

**AMERICAN ARBITRATION ASSOCIATION**
**Consumer Arbitration Tribunal**

Case Number: 01-22-0003-1564

In the Matter of the Arbitration between:

Kylah Anthony, Claimant
-vs-
Acima Credit, LLC, Respondent

**AWARD OF ARBITRATOR**

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into by the above-named parties dated December 13, 2019, and having been duly sworn, enter the following AWARD.

This matter is being decided on the basis of a full review and consideration of the Arbitration Demand and Notice of Claim submitted by Claimant Kylah Anthony ("Demand") who was self-represented, and the Answer and Counterclaim of Respondent/Counter-Claimant Acima Digital, LLC, f/k/a Acima Credit LLC, Respondent's Dispositive Motion ("Motion"), the parties' agreements and other exhibits provided by Respondent, represented by counsel, in support of its Motion, and applicable law. Despite having been given notice and a full opportunity to respond to the Motion, Claimant did not file a responsive pleading or otherwise oppose the Motion.

The Demand alleges that Claimant suffered damages as a result of Respondent's failure to mark Claimant's account as "disputed" in its report to the credit reporting agency Experian, in that she was "denied credit and/or got credit with high interest rates," and seeks an award of $25,000. Claimant identifies the legal basis of the dispute as Respondent's alleged "failure to communicate the consumer dispute" between the parties "under the FDCPA e (8) and FCRA g-2(b)."

Respondent's Answer and Counterclaim denies that either the Fair Debt Collection Practices Act ("FDCPA") or the Fair Credit Reporting Act ("FCRA") is applicable under the facts here, alleges that Claimant breached the parties' Lease-Purchase Agreement ("Agreement"), and seeks an award of $1379.24 for unpaid rent and fees, plus collection costs including attorney fees. Claimant denies the allegations in the Answer and Counterclaim for lack of "information sufficient to form a belief" as to their truth.

According to the undisputed facts set forth in the Motion and exhibits thereto, Claimant entered into the Agreement with Respondent for the purpose of acquiring a dinette set and sectional. Claimant agreed to, and did provide her legally binding electronic signature, signifying her agreement to the terms of the Agreement. Claimant made 12 of the 26 bi-weekly

the payments to Respondent required by the Agreement, and then stopped paying and failed to return the rented property, despite numerous requests from Respondent over a period of several months. Claimant disputed Respondent's report of the debt to Experian, a credit reporting agency, claiming that her identity had been stolen and she did not owe the debt. After being notified of the dispute by Experian, Respondent conducted an investigation and determined that the account had not been opened fraudulently, since there were no discrepancies between the personal information supplied by Claimant to Respondent in connection with the Agreement and the information Respondent had verified through telephone calls and direct email communications with Claimant, as well as a SmartCredit credit report produced by Claimant.

Respondent argues that it is not a "debt collector" subject to the FDCPA. I agree. See *MacDermid v. Discover Fin. Servs.*, 488 F. 3rd 721 (6th Cir. 2007) (the term "'debt collector'... refers only to persons attempting to collect debts due 'another.'"); *Jacobs. V. Wells Fargo & Co.*, 2011 WL 5120408 (S.D. Ohio Oct. 27, 2010); *Zehala v. Am. Exp.*, 2011 WL 4484297 (S. D. Ohio Sept. 26, 2011). Here, the debt is owed to Respondent, and its collection efforts are not subject to the FDCPA. Likewise, Claimant does not state a claim under the FCRA, for the reasons discussed in *Merritt v. Experian*, 560 App'x 525 (6th Cir. 2014); and *Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543 (6th Cir. 2012). Finally, Claimant failed to produce any evidence of her claimed damages. Therefore, I find that based on the undisputed evidence and applicable law, Claimant has failed to state a cognizable claim for recovery against Respondent.

As to Respondent's Counterclaim, I find that Claimant breached the Agreement by failing to either pay the amounts due to Respondent thereunder or, alternatively, to return the leased property, and that Respondent is owed $1379.24 in past due payments and fees under the Agreement, and Claimant is hereby ordered to pay this amount to Respondent. Respondent did not cite to any provision of the Agreement or applicable law that would entitle it to costs and attorney fees; therefore, that claim is denied.

The administrative fees of the American Arbitration Association (AAA) totaling $1,900 shall be borne as incurred, and the compensation of the arbitrator totaling $2,500 shall be borne as incurred

This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

May 30, 2023
Date

*Frances Floriano Goins*
Frances Floriano Goins

I, Frances Floriano Goins, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

2

May 30, 2023
Date

_Frances Floriano Goins_ (signature)
Frances Floriano Goins