UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KYLAH ANTHONY, | ) | Case No. 1:21-cv-01926 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| ACIMA CREDIT LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPINION AND ORDER**

Plaintiff Kylah Anthony, proceeding *pro se*, alleged that Defendant Acima Credit LLC violated the Fair Debt Collection Practices Act by failing to report that she disputed a debt. Pursuant to an agreement between the parties, Plaintiff's claims and Defendant's subsequent counterclaim were resolved through arbitration. The Arbitrator denied Plaintiff's claims and awarded Defendant $1,379.24 on its counterclaim. Defendant asks the Court to confirm that award. (ECF No. 14.) For the reasons that follow, the Court **GRANTS** Defendant's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

**A.    Relevant Facts**

In December 2019, Ms. Anthony wanted new furniture. (*See generally* ECF No. 3-1.) To that end, she entered a lease-purchase agreement for a dinette set and sectional with Acima Credit. (*Id.*) Under that agreement, Ms. Anthony had to make an initial payment of $50.00 and 26 bi-weekly payments of $76.06. (*Id.*, § 2, PageID #19.) She did not follow those terms. (*See* ECF No. 3-4, PageID #30.) Though

she made the initial payment, Ms. Anthony made only 11 bi-weekly payments. (*Id.*) When Acima Credit asked for her to return the furniture, Ms. Anthony refused to do so. (ECF No. 14-1, PageID #73.)

Acima Credit reported the debt to credit agencies. (*Id.*) After receiving that report, Ms. Anthony disputed the debt, claiming that someone had stolen her identity. (*Id.*) Acima Credit's investigation suggested otherwise. (*Id.*) In its view, there was no evidence that Ms. Anthony's account was opened fraudulently. (*Id.*)

### B. Litigation

On October 12, 2021, Plaintiff filed a one-count complaint against Defendant, alleging that it failed to report that she disputed the debt. (ECF No. 1, ¶¶ 12–14, PageID #3.) A month later, Defendant moved to compel arbitration. (ECF No. 4.) It asserted that Plaintiff's claim was governed by a mandatory arbitration provision in the lease-purchase agreement. (*See generally* ECF No. 4-1.) Instead of opposing Defendant's motion, Plaintiff stipulated to arbitration. (ECF No. 6, PageID #51.) Pursuant to that stipulation, the Court stayed the litigation until the resolution of arbitration. (ECF No. 7, ¶ 2, PageID #55.)

### C. Arbitration

By the end of July 2022, Plaintiff initiated arbitration. (ECF No. 10, ¶ 1, PageID #61.) She argued that Defendant violated both the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. (ECF No. 14-1, PageID #72.) Defendant counterclaimed, alleging that Plaintiff breached the parties' lease-purchase agreement. (*Id.*; *see also* ECF No. 11, ¶ 1, PageID #63.) Later, Defendant

filed a dispositive motion on those claims, which Plaintiff did not respond to or oppose. (ECF No. 14-1, PageID #72.)

On May 30, 2023, the arbitrator decided Defendant's motion and entered an award. (*Id.*, PageID #72–74.) Specifically, she determined that Plaintiff failed to state a cognizable claim. (*Id.*, PageID #73.) Further, she determined that Plaintiff breached the parties' agreement by failing either to (1) pay the amounts due, or (2) return the leased property. (*Id.*) Given Plaintiff's breach, the arbitrator ordered her to pay Defendant $1,379.24. (*Id.*) Plaintiff was not, however, ordered to pay Defendant's costs and attorneys' fees. (*Id.*)

On June 15, 2023, Defendant timely moved to confirm the arbitrator's award. (ECF No. 14.) Plaintiff did not respond to or otherwise oppose that motion.

## ANALYSIS

Defendant moves for confirmation citing Section 9 of the Federal Arbitration Act. (*Id.*, ¶ 5, PageID #68.) That statute requires (1) the parties' agreement to have contemplated judicial confirmation and (2) the party moving for confirmation to do so within one year of the arbitrator issuing her award. 9 U.S.C. § 9. Where, as here (*see* ECF No. 3-1, PageID #21), those prerequisites are met, Section 9 presumes the award will be confirmed. *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir. 2005) (interpreting 9 U.S.C. § 9). It provides that "the court *must* grant such [a motion] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11." 9 U.S.C. § 9 (emphasis added). Accordingly, the Court's review is limited—it does not reconsider the merits of the award or the arbitrator's findings of

3

fact. *Wachovia Sec., Inc. v. Gangale*, 125 F. App'x 671, 677 (6th Cir. 2005) (citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987)). The Court only assesses whether the award must be vacated, modified, or corrected. *Id.*

To make that determination, courts look to Sections 10 and 11. *See* 9 U.S.C. § 9. Under Section 10, vacatur is generally appropriate where the award stems from corruption, fraud, or bias or the arbitrator committed prejudicial misconduct or exceeded their powers. *Id.* § 10. Meanwhile, Section 11 contemplates modification or correction where there is a material miscalculation or mistake in the award, the arbitrator addressed a matter not before them, or the award's form is imperfect. *Id.* § 11.

Plaintiff, who did not respond to or otherwise oppose Defendant's motion, has not provided any argument to support vacate, modify, or correct the arbitrator's award. Nor does it appear that she could. The record lacks any evidence suggesting that the narrow circumstances outlined in Sections 10 and 11 exist here. Therefore, the Court determines that confirmation is appropriate.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to confirm the arbitrator's award of $1,379.24.

**SO ORDERED.**

4

Dated: July 11, 2023

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio